# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Pina C.D.B.,

        Petitioner,

v.

Pamela Bondi, et al.,

        Respondents.

No. 26-cv-1929 (KMM/DJF)

**ORDER**

This matter is before the Court on Petitioner Pina C.D.B.'s Verified Petition for a Writ of Habeas Corpus. (Dkt. 1.) For the following reasons, the Petition is granted.

## BACKGROUND

The Court recounts the facts as set forth in the Petition. Pina C.D.B. is a resident of Brooklyn Park, Minnesota, and a citizen of El Salvador. (*Id.* ¶ 13.) She is married to a U.S. citizen and has three children, one of whom has special needs. (*Id.* ¶ 15.) C.D.B. does not have a final order of removal, and her immigration case has been administratively closed. (*Id.* ¶ 14.) She also has an I-601A Waiver Application currently pending. (*Id.*)

Nonetheless, C.D.B. was arrested by federal immigration agents on March 13, 2026 in Shakopee, Minnesota. (*Id.* ¶ 16.) According to C.D.B., the agents did not "possess or present a warrant of any kind for [her] arrest." (*Id.*) As of the filing of her Petition, C.D.B. was being held at the Kandiyohi County Jail in Willmar, Minnesota. (*Id.* ¶ 7.)

On March 18, 2026, U.S. Magistrate Judge Dulce J. Foster issued an Order to Show Cause ("OSC") requiring Respondents to answer the Petition by 5:00 PM on March 22,

1

2026. (Dkt. 3 ¶ 1.) Relevant here, the OSC required Respondents to explain their "view as to whether Petitioner's arrest by immigration authorities was made pursuant to a judicial or administrative warrant." (*Id.* ¶ 2(d).) And, if Petitioner's arrest was based upon an administrative warrant, "Respondents shall provide the following information by affidavit or declaration: (i) the date the warrant was issued; (ii) the time of day the warrant was issued; (iii) whether the warrant was issued prior to Petitioner's arrest; [and] (iv) the identity and responsibilities of the individual who issued the warrant." (*Id.*) They were also ordered to "submit a reasoned memorandum of law addressing whether the warrant, its issuance, and its execution comply with applicable statutory and regulatory requirements." (*Id.*)

Respondents filed a timely Response, arguing foremost that C.D.B. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Dkt. 5 at 4–6.) In the alternative, Respondents assert that C.D.B. was detained subject to a warrant pursuant to 8 U.S.C. § 1226(a). (*Id.* at 6–7.) In their responsive memorandum, Respondents describe the facts somewhat differently. They allege that C.D.B. was arrested on March 11, 2026 by state law enforcement and state that Respondents issued a warrant for her arrest that same day. (*Id.* at 1–2 (citing Dkt. 6-1).) ICE then took C.D.B. into federal custody on March 13 after serving the warrant. (*Id.* at 2 (citing Dkt. 6-1).) However, Respondents include with their Response a Form I-200 administrative warrant that asserts it was both issued and served on March 14, 2026. (Dkt. 6.) Respondents do not provide any declaration from the relevant officers explaining this discrepancy or describing the circumstances of the arrest. Nor did

2

they provide any discussion of whether the warrant complies with the requirements of § 1226(a).

## ANALYSIS

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

## I.      8 U.S.C. § 1225(b)(2)(A)

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In their Response to the Petition, Respondents assert that Pina C.D.B. is subject to detention under 8 U.S.C. § 1225(b)(2)(A). (Dkt. 5 at 1.) This Court has previously held that, because aliens residing within the United States are not "seeking admission" within the meaning of § 1225(b)(2)(A), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Although the Fifth Circuit recently agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026), *with*

3

*Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). Respondents' position is that the cases representing the majority view were wrongly decided and point out that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025).

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Pina C.D.B. or others who are similarly situated, and her mandatory detention under that provision is not supported by the law.

**II.    8 U.S.C. § 1226(a)**

Respondents also contend that, in light of the administrative warrant, C.D.B.'s detention is valid under § 1226(a), which states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). As courts in this District and elsewhere have noted, an alien cannot be arrested and detained under this provision without a valid warrant. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Alberto C.M. v. Noem*, No. 26-cv-380 (DWF/SGE), 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026) (finding that "ICE does not have authority to detain a noncitizen under § 1226 who was arrested without a warrant"). So, if the

government fails to show that a warrant was issued prior to the arrest, immediate release is the proper remedy. *See Francisco O. C. v. Bondi*, No. 26-cv-01231 (KMM/JFD), Dkt. 13 at 4–5 (D. Minn. Feb. 18, 2026) (finding that the absence of information concerning a Form I-200 warrant, including whether it was issued prior to the petitioners' arrests, was insufficient to support detention pursuant to § 1226(a) and ordering release); *Jorge A.-G. v. Bondi*, No. 26-cv-1392 (ECT/DLM), 2026 WL 444682, at *2 (D. Minn. Feb. 17, 2026) (same); *Alberto C.M.*, 2026 WL 184530, at *2 (finding that release was the proper remedy where there was "no indication" that the Form I-200 warrant, which was dated the same day as the petitioner's arrest, "was issued prior to, or after" the petitioner was arrested).

Respondents contend that C.D.B. was detained on March 13, 2026, pursuant to an administrative warrant issued on March 11, 2026. (Dkt. 5 at 2; Dkt. 6-1 at 2 ("Record of Deportable/Inadmissible Alien" form).) But these allegations are flatly contradicted by the warrant Respondents have provided, which clearly states that it was both issued and served on March 14, the day after C.D.B.'s apparent detention. (Dkt. 6.) And Respondents do not provide a declaration from the relevant officers attesting to Respondents' series of events. Nor do they provide a separate warrant that matches the dates they list. Further, despite being ordered to do so, Respondents fail to provide any legal analysis regarding whether the warrant complies with the requirements of § 1226(a). The Court thus has no basis to conclude that Respondents lawfully arrested C.D.B. pursuant to a valid warrant, or that her arrest otherwise complied with the law. And without any proper legal justification, immediate release is appropriate. *Ahmed M.*, 2026 WL 25627, at *3 (holding that if "detention . . . lacks a lawful predicate," and Respondents fail to show "a valid statutory

5

basis for detention in the first place, [then] the remedy is not to supply one through further proceedings," but immediate release) (quotation omitted); *see also Jose D.S. v. Noem*, No. 26-cv-1040 (JMG/EMB), 2026 WL 381889, at *1 n.1 (D. Minn. Feb. 11, 2026) ("[I]ssuing an administrative warrant *after* an arrest isn't good enough to trigger § 1226(a)."); *Alberto C.M.*, 2026 WL 184530, at *2 (finding that release was the proper remedy where a Form I-200 warrant was not issued until after the petitioner's arrest and initial detention).[1]

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Pina C.D.B.'s Verified Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Pina C.D.B. **with no new conditions and no later than 5:00 p.m. on March 25, 2026**.

4. Upon Pina C.D.B.'s release, Respondents must return **all of her personal effects seized during her arrest, including but not limited to immigration**

---

[1] The Court observes that an immigration officer has the authority to make arrests without a warrant when the officer "has reason to believe that the alien so arrested is in the United States in violation of [immigration laws and regulations] and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States[.]" 8 U.S.C. § 1357(a)(2). There is no evidence before the Court that C.D.B. was arrested based on this authority to make warrantless arrests. In any case, there is nothing in the record to show that immigration officers made a "determination . . . within 48 hours of the arrest . . . [about] whether [C.D.B.] w[ould] be continued in custody or released on bond or recognizance[.]" 8 C.F.R. § 287.3(d).

**paperwork**. Her property must be returned in the same condition as it was in at the time she was arrested.

5.  Finally, the Court **ORDERS** Respondents to file a notice of Petitioner's release, specifying the date, time, and location of her release **no later than 12:00 p.m. on March 26, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 24, 2026                           *s/Katherine M. Menendez*
                                               Katherine M. Menendez
                                               United States District Judge